## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **ESTATE OF GLENARA BATES, BY AND THROUGH, DESENA BRADLEY, THE ADMINISTRATOR AND MATERNAL GRANDMOTHER OF GLENARA BATES, A DECEASED MINOR CHILD** 2057 MILLVALE COURT CINCINNATI, OHIO  45225 | Case No.: |

AND

**DESENA BRADLEY, IN HER INDIVIDUAL CAPACITY AS THE MATERNAL GRANDMOTHER OF GLENARA BATES, A DECEASED MINOR CHILD**
2057 MILLVALE COURT
CINCINNATI, OHIO  45225

Plaintiffs,

-vs.-

**HAMILTON COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES**
**222 CENTRAL PARKWAY**
**CINCINNATI, OHIO  45202**
**SERVE:**
**Hamilton County Department of Job and Family Services**
**c/o Gregory Hartmann**
    **Christopher Monzel**
    **Todd Portune**
    **Hamilton Cty. Commissioners**
    138 East Court Street,  Suite 603
    Cincinnati, Ohio   45202

AND

# COMPLAINT

**HAMILTON COUNTY, OHIO**
**c/o Board of County Commissioners**
**138 East Court Street, Suite 603**
**Cincinnati, Ohio   45202**
**SERVE: Hamilton County, Ohio**
**Attn: Greg Hartman**
**Attn: Chris Monzel**
**Attn: Todd Portune**
138 East Court Street, Suite 603
Cincinnati, Ohio  45202

AND

**GREG HARTMANN, In his official**
**capacity as Member of the Board of County**
**Commissioners for Hamilton County, Ohio**
138 East Court Street, Suite 603
Cincinnati, Ohio  45202

AND

**CHRIS MONZEL, In his official capacity as**
**Member of the Board of County**
**Commissioners for Hamilton County, Ohio**
138 East Court Street, Suite 603
Cincinnati, Ohio  45202

AND

**TODD PORTUNE,  In his official capacity**
**as a Member of the Board of County**
**Commissioners for Hamilton County, Ohio**
138 East Court Street, Suite 603
Cincinnati, Ohio   45202

AND

**MOIRA WEIR, In Her Individual Capacity
And In Her Official Capacity As Director,
Hamilton County Department of Job And
Family Services**
**Hamilton Cty. Department of Job and
Family Services**
222 East Central Parkway
Cincinnati, Ohio 45202

AND

**SHAMARA STEPHENS AKA
SHAMARA HOOKS-WARE, In Her
Individual Capacity And In Her Official
Capacity As A Caseworker For Hamilton
County Department Of Job And Family
Services**
**Hamilton Cty. Department of Job and
Family Services**
222 East Central Parkway
Cincinnati, Ohio 45202

AND

**KASSIE SETTY, In Her Individual
Capacity And In Her Official Capacity As A
Caseworker For Hamilton County
Department Of Job And Family Services**
222 East Central Parkway
Cincinnati, Ohio 45202

AND

**ANDREA BRADLEY
HAMILTON COUNTY JUSTICE
CENTER**
900 Sycamore Street
Cincinnati, Ohio 45202

AND

**GLEN BATES**
**HAMILTON COUNTY JUSTICE**
**CENTER**
900 Sycamore Street
Cincinnati, Ohio  45202

AND

**JOHN DOES 1 THROUGH 10**
**NAMES UNKNOWN**

AND

**JANE ROES 1 THROUGH 10**
**NAMES UNKNOWN**

Defendants.

Now Come  Plaintiffs Estate of Glenara Bates, by and through the Administrator,  Desena Bradley,  the  maternal  grandmother  of  Glenara  Bates,  a  deceased  minor  child  and   Desena Bradley, in her  individual capacity, as the maternal grandmother of Glenara Bates, a deceased minor child,   by and through counsel, and respectfully state their Complaint against the named Defendants as follows:

## I. **THE PARTIES**

1.     This  civil  rights  and  wrongful  death  case  involves  a  beautiful  two  year  old  girl, whose smile lit up the lives of those she touched; who was removed from the cruel and inhumane custody of her parents, Defendants Andrea Bradley and Glen Bates,  and then thrown back into that  squalor  and  depravity  by  the  Defendant  Hamilton  County  Job  and  Family  Services,  its caseworkers, in violation of her civil rights.

2.    The  torture,  starvation  and  death  of  Glenara  Bates  by  her  depraved  parents,  Andrea Bradley  and  Glen  Bates,  arises  directly  from  the  obvious  and  egregious  misconduct   by  the

Hamilton County Department of Job and Family Services and specifically, of the Defendants Moira Weir, Shamara Stephens AKA Shamara Hooks-Ware, Kassie Setty and John/Jane Doe Employees, not yet identified, among others all of these Defendants breached their duty to protect the dependent child from harm culminating in the death of Glenara Bates on March 29, 2015.

3.      Plaintiff Desena Bradley brings claims, in her individual capacity as the maternal grandmother of the deceased minor child, Glenara Bates and in her representative capacity, as the Administrator of the Estate of Glenara Bates. Plaintiff Desena Bradley was duly appointed as the Administrator of the Estate of Glenara Bates in Hamilton County Probate Case No. 2015002523 on August 28, 2015. See Entry Appointing Fiduciary – Letters of Authority attached hereto as Exhibit 1.

4.      Defendant Hamilton County Department of Job and Family Services ("HCDJFS") is the county agency, created by ORC § 329.01, responsible for the administration of neglect and dependency cases within Hamilton County. Defendant Hamilton County Department of Job and Family Services is an agency operated by Defendant Hamilton County, Ohio; Defendant Hamilton County Department of Job and Family Services, acting through its Director, Defendant Moira Weir, a position created by statute, ORC § 329.02, and its caseworkers', including, but not limited to, Defendant Shamara Stephens aka Shamara Hooks-Ware and Defendant Kassie Setty. Defendant Hamilton County Department of Job and Family Services ("HCDFS") is defined as a "person" under 42 U.S.C. § 1983 and its actions were done under color of state law.

5.      Defendant Hamilton County, Ohio is the political subdivision and governmental entity, which operates and funds the Defendant Hamilton County Department of Job and Family

Services. Defendant Hamilton County, Ohio is directed and controlled by the Board of County Commissioners, which is comprised of Gregory Hartmann; Christopher Monzel and Todd Portune. Defendant Hamilton County, Ohio is defined as a "person" under 42 U.S.C. § 1983 and its actions were done under color of state law.

6. Defendant Board of County Commissioners is a political subdivision, comprised of Defendants Gregory Hartmann, Christopher Monzel and Todd Portune. The Board of County Commissioners is statutorily mandated to control and direct the Director of the Hamilton County Department of Job and Family Services pursuant to ORC § 329.02. Defendant Hamilton County Board of County Commissioners is defined as a "person" under 42 U.S.C. § 1983 and its actions were done under color of state law.

7. Defendant Moira Weir is named in her individual capacity and in her official capacity as the Director of the Defendant Hamilton County Job and Family Services. Defendant Moira Weir recklessly and/or intentionally and/or with willful blindness permitted her agents and employees to act with willful, wanton and reckless disregard for the welfare of an infant, Plaintiff's decedent, Glenara Bates, who was two years old at the time of her death. Defendants Moira Weir and Hamilton county Department of Job and Family Services are defined as a "persons" under 42 U.S.C. § 1983 and its actions were done under color of state law.

8. Defendant Shamara Stephens, aka Shamara Hooks-Ware, is named in her individual capacity and in her official capacity as a Caseworker, employed by and acting within the course and scope of her employment with the Defendant Hamilton County Department of Job and Family Services. Defendant Shamara Stephens aka Shamara Hooks-Ware is defined as a "person" under 42 U.S.C. § 1983 and its actions were done under color of state law.

9.      Defendant Kassie Setty is named in her individual capacity and in her official capacity as a Caseworker, employed by and acting within the course and scope of her employment with the Defendant Hamilton County Department of Job and Family Services. Defendant Kassie Setty is defined as a "person" under 42 U.S.C. § 1983 and its actions were done under color of state law.

10.     Defendants John Doe 1 through 10 and Defendants Jane Roe 1 through 10 are defendants employed by and/or acting on behalf of the Defendant Hamilton County Department of Job and Family Services and/or Defendant Hamilton County, Ohio. To the extent any and/or all of the John Doe 1 through 10 Defendants and/or Defendants Jane Roe 1 through 10 are employees and/or agents of the Defendant Hamilton County Department of Job and Family Services and/or Defendant Hamilton County, Ohio is/are defined as a "person" under 42 U.S.C. § 1983 and the actions of such a defendant were done under color of state law.

11.     Defendant Shamara Stephens aka Shamara Hooks-Ware is named in her individual capacity and in her capacity as a Caseworker for the Defendant Hamilton County Department of Job and Family Services. At all relevant times herein,    Defendant Shamara Stephens aka Shamara Hooks-Ware was acting in the course and scope of her employment and/or agency with the Defendant Hamilton County Department of Job and Family Services.

12.     Defendant Kassie Setty is named in her individual capacity and in her capacity as a Caseworker for the Defendant Hamilton County Department of Job and Family Services. At all relevant times herein, Defendant Kassie Setty was acting in the course and scope of her employment and/or agency with the Defendant Hamilton County Department of Job and Family Services.

13.     Defendant Andrea Bradley is the mother of Plaintiff's decedent, Glenara Bates, whose reckless and/or negligent and/or intentional misconduct resulted in the torture, starvation, severe injuries and death of Glenara Bates on March 29, 2015.

14.     Defendant Glen Bates is the father of Plaintiff's decedent, Glenara Bates, whose reckless and/or negligent and/or intentional misconduct resulted in the torture, starvation, severe injuries and death of Glenara Bates on March 29, 2015.

## II.  JURISDICTION AND VENUE

15.     Jurisdiction is properly invoked as this case involves the egregious deprivation of civil rights, and therefore involves federal question jurisdiction under 28 USC §§ 1331 and 1343. Supplemental jurisdiction under 28 USC § 1367 is proper over the state law claims for wrongful death, survivorship, loss of consortium and personal injury actions which occur within this district.

16.     Venue is properly invoked under 28 USC § 1391, as the Defendants reside and/or have their principal place of business within this district; further, in Hamilton County, Ohio, as the occurrences and tortious conduct, which form the basis of this Complaint occurred in Hamilton County, Ohio within this district.

## III.  FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17.     Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Sixteen (1-16) of the Complaint, as if fully rewritten herein.

18.     Plaintiff's decedent, Glenara Bates was born in January of 2013 and had been removed from the household of her parents because of the abuse and neglect by the Defendants

Andrea Bradley and Glen Bates, her depraved parents, for a period of time and placed in foster care.

19.  At some point during the time in which the infant Glenara Bates was in foster care, the Defendant Hamilton County Department of Job and Family Services, Defendant Moira Weir, Defendant Shamara Stephens aka Shamara Hooks-Ware and Defendant Kassie Setty and others not yet known to Plaintiff, made the decision to place Glenara Bates back with the parents, Defendant Andrea Bradley and Defendant Glen Bates and the five children residing with them, most or all of whom had previously been in foster care as well. The actions of these Defendants were done under color of state law and resulted in the deprivation of civil rights of the infant Glenara Bates directly resulting in her death.

20.  Plaintiff's decedent, Glenara Bates was placed back with the parents, Defendant Andrea Bradley and Defendant Glen Bates on or about September 20, 2013, where it had been reported that Glenara was "walking normally at age 13-14 months."

21.  When Defendant Andrea Bradley brought Glenara Bates into Cincinnati Childrens' Hospital Medical Center in December of 2014, it was reported that she "rarely walks" due to "pain" with walking. Further, as of December 04, 2014, Jacqueline F. Brinck, R.N. noted that Glenara Bates was "well off her growth curve with decreased ability to walk" and that the mother, Defendant Andrea Bradley made "no mentions regarding [a] case manager" which should be standard following a return of the infant to the mother from foster care. A medical student, employed by the Cincinnati Childrens' Hospital Medical Center, Sung Kim, noted that the patient's history was notable for lack of regular medical care, unsure when she was last seen by a physician. There were other obvious indicia of abuse including, appetite change, unexpected

weight change, gait problem, joint swelling, undernourished, weight below the 3rd percentile for body weight for her age and severely under weight at 7.9 kg./ 17.4 pounds. Dr. Gill even noted indicia of abuse/neglect (lack of medical care, financially disadvantaged, poor family support).

22.     On or about December 5th, 2014, Plaintiff's decedent, Glenara Bates  was documented by  Dr. Steve W. Wu and Dr. Alexandrai L. Lutley  to have the following significant physical deficits and problems: 1. Protein Caloric Malnutrition; 2. Flat Affect; 3. Anemia; 4. Protuberant Abdomen; 5. Generalized Muscular Wasting; 6. Abnormal Skin Appearance; 7. Loss of Muscle Bulk; 8. Hypotonia and  9. Motor Weakness.

23.     Despite these obvious and egregious signs of abuse and neglect, Defendants HCDJFSD, Moira Weir, Shamara Stephens and Kassie Setty, among others, made the indefensible decision to return Glenara Bates to the depraved custody of her parents, Defendants Glen Bates and Andrea Bradley.   Further,  the Defendants HCDJS, Moira Weir, Shamara Stephens and Kassie Setty failed to  report this obvious case of child abuse to law enforcement.

## COUNT I: CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

24.     Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Twenty-three  (1-23) of the Complaint, as if fully rewritten herein.

25.     Defendants Hamilton County Department of Job and Family Services; Hamilton County, Ohio, acting through the Defendant Board of County Commissioners, Defendant Gregory Hartmann, Christopher Monzel and Todd Portune; Defendant Moira Weir; Defendant Shamara Stephens aka Shamara Hooks-Ware; Defendant Kassie Setty, acting under color of state law, deprived Plaintiff's decedent, Glenara Bates of the rights, privileges and immunities secured to her by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

26. At all relevant times herein, Defendant Hamilton County Department of Job and Family Services ("HCDJFS"), acting by and through its Director Defendant Moira Weir and its caseworkers Defendant Shamara Stephens and Defendant Kassie Setty, among others, had a duty to act in the "best interests of the child" and to refrain from conduct, done with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner with regard to the civil rights of the infant child, Glenara Bates.

27. Defendant Hamilton County, Ohio, Defendant Hamilton County Board of County Commissioners; Defendants Gregory Hartmann, Christopher Monzel and Todd Portune acquiesced in and ratified the actions of the Defendant HCDJFS, acting through its Director Defendant Moira Weir and its caseworkers Defendant Shamara Stephens and Defendant Kassie Setty, among others, who violated the civil rights of the infant child by placing her back into the horrific environment provided by Defendants Andrea Bradley and Glen Bates, where severe harm and death were reasonably foreseeable to any objective observer. These Defendants, Director Moira Weir, Shamara Stephens and Kassie Setty acted with deliberate indifference to the civil rights of the infant child, Glenara Bates and/or with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner for the infant by committing one or more of the following acts or omissions:

(A) With deliberate indifference to the civil rights of Glenara Bates and/or malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness failed to inspect the home of the Defendant Andrea Bradley and Defendant Glen Bates, which was unsuitable for a placement of Glenara Bates;

(B) With deliberate indifference to the civil rights of Glenara Bates and/or malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness to the depravity of the parents Defendants Andrea Bradley and Glen Bates,  placed the infant  Glenara Bates back with the parents on or about September 20, 2013, after having previously removed the infant from the home and  placed her in foster care where she was doing well;

(C) With deliberate indifference to the civil rights of Glenara Bates and/or  malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or  utter indifference and/or conscious disregard and/or willful blindness to  the depravity and cruelty of the parents, Defendants Andrea Bradley and Glen Bates, failed to properly investigate signs of abuse which Glenara Bates exhibited only three months before her ultimate starvation and tortured death by the Defendants Andrea Bradley and Glen Bates in March of 2015;

(D)  With deliberate indifference to the civil rights of Glenara Bates and/or malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness and allowed her to return to the custody of Defendants Andrea Bradley and Glen Bates, failed to follow up with CCHMC personnel regarding clear and obvious signs of abuse and neglect exhibited by Glenara Bates in December of 2014, three months prior to her death on March 29, 2015;

(E)  With deliberate indifference to the civil rights of Glenara Bates and/or malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness, failed to remove Glenara Bates

from the Defendant Andrea Bradley and Glen Bates' household despite clear and obvious signs of abuse and neglect;

(F) Were otherwise, acting with deliberate indifference to the civil rights of Glenara Bates and/or with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner reckless, willful and wanton in their gross misconduct and egregious mishandling of the infant's placement and care.

28. As a direct and proximate result Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates is entitled to an award, in an amount yet to be determined, but in excess of Twenty-five thousand ($25, 000.00) Dollars as and for punitive damages to be awarded by the trier of fact.

29. Upon the death of Glenara Bates, on March 29th, 2015, the Hamilton County Coroner certified that Glenara Bates had been subjected to **"Battered Child Syndrome with Acute and Chronic Intracranial Hermorrhages and Starvation"** and that the onset of such treatment was a period of months. See Supplemental Medical Certification attached hereto as Exhibit 2.

30. As a direct and proximate result of the above-referenced conduct of the Defendant HCDFS, Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates suffered extreme physical pain, torture, starvation, horrific and ultimately life-ending injuries. Further, Defendants Hamilton County, Ohio, Defendant Hamilton County Board of County Commissioners, Defendants Gregory Hartmann, Christopher Monzel and Todd Portune acquiesced in and ratified the above-referenced misconduct and thereby liable for the damages to the Plaintiffs.

31.  At the time of her death, Plaintiff's decedent, Glenara Bates had her grandmother, Plaintiff Desena Bradley, and had six siblings, who have been and will be deprived of the Decedent's services, support society, companionship, love and affection during and for the remainder of their respective lives.

## COUNT II: WRONGFUL DEATH
**[Adv. Defendants Hamilton County, Ohio; Hamilton County Board of County Commissioners; Gregory Hartmann, Christopher Monzel, Todd Portune and the Hamilton County Department of Job and Family Services]**

32.  Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Thirty (1-31 ) as though fully rewritten herein.

33.  At all relevant times herein, Defendant Hamilton County, Ohio; Defendant Hamilton County Board of County Commissioners, Defendants Gregory Hartmann, Christopher Monzel and Todd Portune acquiesced in and ratified the misconduct described herein and are thereby liable for damages to the Plaintiffs. Further,  Hamilton County Department of Job and Family Services ("HCDJFS"), acting by and through its Director Defendant Moira Weir and its caseworkers Defendant Shamara Stephens and Defendant Kassie Setty,  among others, had a duty to act in the "best interests of the child" and to refrain from conduct, done with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner with regard to the welfare and safety of minor children, including Plaintiff's decedent, Glenara Bates.

34.  Defendant HCDJFS, by and through its agents, employees and/or servants breached these duties owed to Plaintiff's decedent, Glenara Bates, by acting  with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner for the infant by committing one or more of the following acts or omissions:

(A) With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or deliberate indifference and/or conscious disregard and/or willful blindness failed to inspect the home of the Defendant Andrea Bradley and Defendant Glen Bates, which was unsuitable for a placement of Glenara Bates;

(B) With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness to the depravity of the parents Defendants Andrea Bradley and Glen Bates, placed the infant Glenara Bates back with the parents on or about September 20, 2013, after having previously removed the infant from the home and placed her in foster care where she was doing well;

(C) With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness to the depravity and cruelty of the parents, Defendants Andrea Bradley and Glen Bates, failed to properly investigate signs of abuse which Glenara Bates exhibits months before her ultimate starvation and tortured death by the Defendants Andrea Bradley and Glen Bates in March of 2015;

(D) With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner utter indifference and/or conscious disregard and/or willful blindness, failed to follow up with CCHMC personnel regarding clear and obvious signs of abuse and neglect exhibited by Glenara Bates in December of 2014 at Cincinnati Children's Hospital, three months prior to her death on March 29, 2015; and allowed her to be placed back with her parents upon discharge from Cincinnati Children's Hospital.

(E)  With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness, failed to remove Glenara Bates from the Defendant Andrea Bradley and Glen Bates' household despite clear and obvious signs of abuse and neglect;

(F)  Were otherwise, acting  with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner reckless, willful and wanton in their gross misconduct and egregious mishandling of the infant's placement and care.

35.  As a direct and proximate result of the above-referenced conduct of the Defendant HCDFS, Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates suffered extreme physical pain, torture, starvation, horrific and ultimately life-ending injuries.

36.  At the time of her death, Plaintiff's decedent, Glenara Bates had her grandmother, Plaintiff Desena Bradley, and had six siblings, who have been and will be deprived of the Decedent's services, support society, companionship, love and affection during and for the remainder of their respective lives.

### COUNT III: WRONGFUL DEATH
**[Adv. Defendants Moira Weir, individually and in her official capacity as Director, HCDJFS; Shamara Stephens aka Shamara Hooks-Ware and Kassie Setty, individually and in their official capacities as Caseworkers for HCDJS]**

35.  Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Thirty-four (1-34), as though fully rewritten herein.

36.  At all relevant times herein, Defendant Hamilton County Department of Job and Family Services ("HCDJFS"), acting by and through its Director Defendant Moira Weir and its

caseworkers Defendant Shamara Stephens and Defendant Kassie Setty, among others, had a duty to act in the "best interests of the child" and to refrain from conduct done with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or with reckless disregard and/or intentional disregard and/or willful blindness and/or deliberate indifference to the welfare and safety of minor children, including Plaintiff's decedent, Glenara Bates.

37.     Each of the Defendants Moira Weir, Shamara Stephens aka Shamara Hooks-Ware and Kassie Setty  breached these duties owed to Plaintiff's decedent, Glenara Bates, by acting with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner  and/or otherwise willfully, wantonly with gross and callous disregard for the infant by committing one or more of the following acts or omissions:

(A) With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or  utter indifference and/or conscious disregard and/or willful blindness failed to inspect the home of the Defendant Andrea Bradley and Defendant Glen Bates, which was unsuitable for a placement of Glenara Bates;

(B) With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or  utter indifference and/or conscious disregard and/or willful blindness to the depravity of the parents Defendants Andrea Bradley and Glen Bates, placed the infant Glenara Bates back with the parents on or about September 20, 2013,  after having previously removed the infant from the home and  placed her in foster care where she was doing well;

(C) With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or  utter indifference and/or conscious disregard and/or willful blindness to the depravity and cruelty of the parents, Defendants Andrea Bradley and Glen Bates, failed to

properly investigate signs of abuse which Glenara Bates exhibits months before her ultimate starvation and tortured death by the Defendants Andrea Bradley and Glen Bates in March of 2015;

(D)  With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or utter indifference and/or conscious disregard and/or willful blindness, failed to follow up with CCHMC personnel regarding clear and obvious signs of abuse and neglect exhibited by Glenara Bates in December of 2014, three months prior to her death on March 29, 2015;

(E)  With malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner  and/or utter indifference and/or conscious disregard and/or willful blindness, failed to remove Glenara Bates from the Defendant Andrea Bradley and Glen Bates' household despite clear and obvious signs of abuse and neglect;

(F)  Were otherwise, done with malicious purpose and/or in bad faith and/or in a wanton manner and/or in a reckless manner and/or acted in a manner which was reckless, willful and wanton in their gross misconduct and egregious mishandling of the infant's placement and care.

38.  As a direct and proximate result of the above-referenced conduct of the Defendant HCDFS, Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates suffered extreme physical pain, torture, starvation, horrific and ultimately life-ending injuries.

39.  At the time of her death, Plaintiff's decedent, Glenara Bates had her grandmother, Plaintiff Desena Bradley, and had six siblings, who have been and will be deprived of the

Decedent's services, support society, companionship, love and affection during and for the remainder of their respective lives.

40.     As a direct and proximate result of the tortious conduct of the Defendant HCDJFS. Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiffs are presumed to have suffered damages by reason of the wrongful death in an amount, yet to be determined, but in any event in excess of the jurisdictional amount of twenty-five thousand ($25, 000.00) dollars.

41.     As a direct and proximate result of the tortious conduct of the Defendant HCDHP, Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates, Plaintiffs have suffered and will suffer damages for loss of support, from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of the society of the decedent, companionship, consortium and care; loss of prospective inheritance to the decedent's heirs; and mental anguish.

42.     As a direct and proximate result Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others yet to be determined, but in excess of Twenty-five thousand ($25, 000.00) Dollars as and for compensatory damages.

43.     As a direct and proximate result Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates is entitled to an award, in an amount yet to be determined, but in excess of Twenty-five thousand ($25, 000.00) Dollars as and for punitive damages to be awarded by the trier of fact.

## COUNT IV:  SURVIVORSHIP

44      Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Forty-three (1-43), with the same force and effect,  as though fully rewritten herein.

45.     In effect, this claim allows the family member, Plaintiff Desena  Bradley,  to step into the shoes of the deceased and bring the lawsuit, she would have been entitled to bring. Damages recoverable under a survivor claim are limited to any damages which the deceased might have recovered had she lived. This includes damages for the horrific injuries, pain and suffering and agony from January 15, 2015 until the date she succumbed to the brutality of her heinous parents, on March 29,  2015.

46.   As a direct and proximate result of the tortious misconduct of the Defendants Andrea Bradley, Glen Bates,  Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others,  Plaintiff Desena Bradley is entitled to  recover survivorship damages, in an amount  yet to be determined, but in excess of Twenty-five thousand ($25, 000.00) Dollars as and for compensatory damages.

47.   As a direct and proximate result of the tortious misconduct of the Defendants Andrea Bradley, Glen Bates, Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff Descan Bradley is entitled to an award, in an amount yet to be determined, but in excess of Twenty-five thousand ($25, 000.00) Dollars as and for punitive damages to be awarded by the trier of fact.

## COUNT V: WRONGFUL DEATH
### [Adv. Andrea Bradley and Glen Bates]

48.     Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Forty-seven (1-47), with the same force and effect, as though fully rewritten herein.

49.     Defendants Andrea Bradley and Glen Bates acting with extreme cruelty and utter indifference to their own daughter did commit acts which over a period of time resulted in the tortured death of Plaintiff's decedent Glenara Bates. Their actions consisted of starving the child beating and striking the child on all parts of her body, leaving her in a bathtub reportedly filled with human waste and blood.

50.     Defendants Andrea Bradley and Glen Bates had custody of the minor child, Glenara Bates

51.     As a direct and proximate result of the reprehensible conduct of the Defendants Andrea Bradley and Glen Bates, Plaintiff's decedent, Glenara Bates suffered extreme physical pain, torture, starvation, horrific and ultimately life-ending injuries.  Upon the death of Glenara Bates, on March 29th, 2015, the Hamilton County Coroner certified that Glenara Bates had been subjected to **"Battered Child Syndrome with Acute and Chronic Intracranial Hermorrhages and Starvation"** and that the onset of such treatment was a period of months. See Supplemental Medical Certification attached hereto as Exhibit 2.

52.     At the time of her death, Plaintiff's decedent, Glenara Bates had her grandmother, Plaintiff Desena Bradley, and had six siblings, who have been and will be deprived of the Decedent's services, support society, companionship, love and affection during and for the remainder of their respective lives.

53.     As a direct and proximate result of the tortious conduct of the Defendant Andrea Bradley and Glen Bates, Plaintiffs are presumed to have suffered damages by reason of the wrongful death in an amount, yet to be determined, but in any event in excess of the jurisdictional amount of twenty-five thousand ($25,000.00) dollars.

54.     As a direct and proximate result of the tortious conduct of the Defendants Andrea Bradley and Glen Bates, Plaintiffs have suffered and will suffer damages for loss of support, from the reasonably expected earning capacity of the Plaintiff's decedent; loss of services of the decedent; loss of the society of the decedent, companionship, consortium and care; loss of prospective inheritance to the decedent's heirs; and mental anguish.

55.     As a direct and proximate result Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others ount yet to be determined, but in excess of Twenty-five thousand ($25,000.00) Dollars as and for compensatory damages.

56.     As a direct and proximate result Defendant Moira Weir, Defendant Shamara Stephens and Defendant Kassie Setty, among others, Plaintiff's decedent, Glenara Bates is entitled to an award, in an amount yet to be determined, but in excess of Twenty-five thousand ($25,000.00) Dollars as and for punitive damages to be awarded by the trier of fact.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray for judgment against each and every defendant, including specifically the following: 1. Hamilton County, Ohio; 2. Greg Hartmann; 3. Chris Monzel; 4. Todd Portune; 5. Hamilton County Department of Job and Family Services; 6. Moira

Weir, Director, HCDHFS; 7. Shamara Stephens aka Shamara Hooks-Ware; 8. Kassie Setty; 9. Andrea Bradley; 10. Glen Bates; 11-21. John Doe 1 through 10; ; and 22-32. Jane Roe 1 through 10; in an amount, which will fairly and adequately compensate Decedent's heirs and next of kin, for the deprivation of the infant child, Glenara Bates' civil rights; for Decedent's wrongful death and for Plaintiff's Decedent's conscious pain and suffering for the benefit of the Estate of Glenara Bates, in an amount to be shown at trial; together with an award of punitive damages against the Defendants in an amount to be shown at trial.

Further, Plaintiffs pray for judgment against each and every defendant, including specifically the following: 1. Hamilton County, Ohio; 2. Greg Hartmann; 3. Chris Monzel; 4. Todd Portune; 5. Hamilton County Department of Job and Family Services; 6. Moira Weir, Director, HCDHFS; 7. Shamara Stephens aka Shamara Hooks-Ware; 8. Kassie Setty; 9. Andrea Bradley; 10. Glen Bates; 11-21 John Doe 1 through 10; ; and 22-32 Jane Roe 1 through 10; in an amount, which will fairly and adequately compensate Decedent's heirs and next of kin, Decedent's wrongful death and for Plaintiff's Decedent's conscious pain and suffering for the benefit of the Estate of Glenara Bates, in an amount to be shown at trial, together with an award of punitive damages in an amount to be shown at trial.

Finally, Plaintiffs request such further additional relief including an award of costs, expenses, prejudgment interest and specifically including an award of reasonable attorney's fees.

Respectfully Submitted,

*/s/ Randy A. Byrd*
*/s/ Blake R. Maislin*
*/s/ Brad G. Braun*

**Randy A. Byrd, Esq. (0041292)**
**Blake R. Maislin, Esq. (0068413)**
**Brad G. Braun, Esq. (0083047)**
Trial Attorneys for Plaintiffs
The Law Offices of Blake R. Maislin, L.L.C.
Maislin Professional Center
2260 Francis Lane
Cincinnati, OH   45206
(513) 444-4444
(513) 721-5557 (FAX)
rbyrd@maislinlaw.com
blake@maislinlaw.com
bbraun@maislinlaw.com

<u>LIST OF EXHIBITS</u>

1.  <u>Entry Appointing Fiduciary – Letters of Authority</u>, Estate of Glenara Bates, Hamitlon County Probate Case No. : 2015002523;

2. <u>Supplementary Medical Certification</u>, Name of Decedent, Glen'nara Bates

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **ESTATE OF GLENARA BATES, et al.,** : | Case No.: |
| : | |
| : | **PLAINTIFFS' FIRST SET OF** |
| Plaintiffs, : | **INTERROGATORIES AND REQUESTS** |
| : | **FOR PRODUCTION OF DOCUMENTS** |
| vs. : | **PROPOUNDED TO DEFENDANT MOITA** |
| : | **WEIR, IN HER INDIVIDUAL CAPACITY** |
| **HAMILTON COUNTY** : | **AND IN HER OFFICIAL CAPACITY AS** |
| **DEPARTMENT OF JOB AND** : | **DIRECTOR OF THE HAMILTON** |
| **FAMILY SERVICES, et al.** : | **COUNTY DPEARTMENT OF JOB AND** |
| : | **FAMILY SERVICES** |
| Defendants. : | |

The following Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Propounded to Each Defendant are submitted to you to be answered, under oath, within thirty (30) days after the date of service pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

All information is to be divulged in writing, under oath, which is in your possession or control, or within the possession or control of your attorneys, investigators, agents, employees, or other representatives of you or your attorney or insurance company to Plaintiffs' Counsel: **Randy A. Byrd, Esq. and Blake R. Maislin, Esq., Law Offices of Blake R. Maislin, LLC, 2260 Francis Lane, Cincinnati, Ohio 45206.**

You are reminded that all answers must be made separately and fully and that an incomplete or evasive answer is a failure to answer. You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to you, and to correct any responses which you know or later learn are incorrect.

As used herein, a "document" or "documents" means any kind of written or graphic material, however produced or reproduced, or any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including, but not limited to, papers, books, accounts, letters, photographs, objects, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, affidavits, minutes or reports of telephone or other conversations, or of interviews, conferences, or of meetings, inter- or intra-company communications, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, cancelled checks, ledgers, journals, books or records of account, summaries of accounts, balance sheets, interim statements, budgets, receipts, invoices, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer tapes, magnetic tapes, microfilm or microfiche, punch-cards, and all other records kept by Defendant(s) and anything similar to the foregoing.

As used herein, a request to "identify" a writing or document shall be deemed as a request to furnish a description of the document, including its subject matter, the names of the parties who prepared and received it, its date, and any identifying number or code, and to furnish the name of the present custodian of the document and the date that the present custodian of the document and the date that the present custodian of the document obtained possession of that document. In lieu of identifying a document in the detail requested, a copy of the document may be attached to the answers of these interrogatories, provided that any of the aforementioned identifying information not appearing on the face of the document is specifically stated in the answers.

As used herein, a request to "identify" a natural person shall be deemed as a request for that person's name, current address and telephone number, and the name, address and telephone

number of that person's current employer or business if known. As described herein, the term "describe in detail" means describe fully by reference to the underlying facts and particularize as to date, place and the identity of the persons involved.

If you would like to receive the Interrogatories and Requests for Production of Documents via electronic mail, please contact the undersigned attorney.

## INTERROGATORIES

1.     Identify each person answering or assisting in answering the following interrogatories.

**ANSWER:**

2.     Please state whether the individual answering these interrogatories has ever pled guilty in open court or been convicted of any state or federal crime involving dishonesty, moral turpitude or which carried a sentence of one year or more upon conviction. If so, please state the offense, the date and year of each conviction, and the court in which each conviction was made.

**ANSWER:**

3.     Please state whether any statements, oral or written, were obtained from any person in connection with the allegations set forth in the Plaintiff's Complaint.

**ANSWER:**

4.      If the answer to the preceding Interrogatory is in the affirmative, please state the name, address, capacity and place of employment of any such person who gave such statement, the date of which the statement was obtained, whether the statement was oral, written or recorded, and the name, address and occupation of each person who has present custody or control of such statements.

**ANSWER:**

5.      State whether any photographs or videos have been taken by you, your agents, servants, or employees, or by your attorneys or other representatives including but not limited to the insurance adjuster for the insurance company representing the Defendant, or by any other person whomsoever, connected with the occurrence, which is described in Plaintiffs Complaint, including, but not limited to, photographs of Glenara Bates and her residence, her parents and relatives.

**ANSWER:**

6.    State the name, last known address and last known employer of each and every witness you expect to testify on your behalf.

**ANSWER:**

7.    Identify each and every person whom you expect to call as an expert witness at the trial and state the subject matter on which the expert is expected to testify, the opinions to which the expert is expected to testify, a summary for the grounds of each opinion, and whether any written or recorded reports were made by him or her.

**ANSWER:**

8.    Describe each document you intend to offer into evidence at trial.

**ANSWER:**

9.    Please provide a list of the name(s) and address(es) of each and every caseworker and/or other employee of the Hamilton County Department of Job and Family Services who were terminated and/or resigned as a result of their involvement and/or participation in the Glenara Bates case.

**ANSWER:**

10.   Please provide a list of the name(s) and last known address(es) of each and every caseworker and/or other employee of the Hamilton County Department of Job and Family Services who were disciplined and/or counselled and/or "written up" for their involvement and/or participation in the Glenara Bates case.

**ANSWER:**

11.   Please identify all persons employed by Defendant Hamilton County Department of Job and Family Services who have personal knowledge of the facts involving the care, supervision and ultimate death of Glenera Bates and/or facts concerning the capacity of Andrea Bradley and/or Glen Bates to care and/or supervision of Glenera Bates.

**ANSWER:**

12.     Please identify the custodian of the Glenara Bates file, the Andrea Bradley file, the Glen Bates file and all other related files involving the minor children of Andrea Bradley. **Produce copies of all such files in the possession, custody or control of the Defendant HCDJFS.**

**ANSWER:**

13.     Please identify the policies and procedures used by Defendant HCDJFS, which applied to the care, supervision, and the services that were offered or supposed to be offered for Glenara Bates. **Please produced said policies and procedures.**

**ANSWER:**

14.     Please state the names and last known addresses of each and every caseworker and/or other HCDJFS employee, who worked on, investigated and/or participated in any manner in the Glenara Bates case. **Produce the personnel file of each such employee, including all drug tests, background checks and criminal records.**

**ANSWER:**

15.     Please describe the nature and extent of involvement in the Glenara Bates case for each of the persons identified in the answer to interrogator #14

**ANSWER:**

16.     Please identify the individuals involved in the decision to place Glenara Bates back with her parents after her medical treatment at Cincinnati Childrens' Hospital Medical Center in December of 2014.

**ANSWER:**

17.     Please state whether you or any agent or employee of you have any conversations or communications with the Plaintiff Desena Bradley, in any manner with regard to the happening of the occurrence?

**ANSWER:**

18.     If the answer to the previous interrogatory is in the affirmative, please state, in as much detail as possible, the words or substance of any such conversation or communication, the dates of such conversation or communication setting forth the approximate time of day on the aforementioned days, the places where said conversations or communications occurred, the identification, including the name, addresses and job titles of each such agent or employee and the name and address of each and every person who was present at the time of any such conversation or communication.

**ANSWER:**

19.     State whether there is liability insurance and/or self-insured coverage, which is applicable and/or provides coverage for the incidents described in the Complaint; if so, state each such insurance coverage, the name and address of each insurance company, the policy number of the policy in effect at the time of the occurrence, the limits of liability coverage for each such policy, and the name and address of the local agent for each policy.

**ANSWER:**

20.     Please state whether law enforcement was notified of the abuse and/or suspected abuse of Glenara Bates by her parents, Glen Bates and/or Andrea Bradley. If so, please ID the person who reported the abuse/suspected abuse to law enforcement; the identity of the law enforcement officer to whom it was reported; the manner in which it was reported, i.e., orally or in writing, the date in which it was reported, and the contents of the report(s).

**ANSWER:**

21.     Please state the communications which you had with Defendant Andrea Bradley during the time period of December 01, 2014 to present.

**ANSWER:**

22.     Please state the communications which you had with Defendant Glen Bates during the time period of December 01, 2014 to present.

**ANSWER:**

23.     Please state any communications you had with Desena Bradley during the time period of December 01, 2014 to the present.

**ANSWER:**

24.     Please describe your offices interaction(s), if any, with Glenara Bates during the time period of December 01, 2014 to March 29, 2015.

**ANSWER:**

25.     Please identify the individuals who resided in the household with Glenara Bates during the time period of December 01, 2014 to March 29, 2015.

**ANSWER:**

26.    If the Answering Defendant contends that a third party, not currently named as a Defendant, contributed to the harm and/or eventual death of Glenara Bates, please identify that person or persons by their full name and last known address and how said person(s) so contributed.

**ANSWER:**

27.    Please describe the physical and emotional condition of Glenara Bates or notes by Defendant HCDJFS during the following time periods:

(a)    September 1, 2014 through September 30, 2014;

**ANSWER:**

(b)    October 1, 2014 through October 31, 2014;

**ANSWER:**

(c)    November 1, 2014 through November 30, 2014;

**ANSWER:**

       (d) December 1, 2014 through December 31, 2014;

**ANSWER:**

       (e) January 01, 2015 through January 31, 2015;

**ANSWER:**

       (f) February 01, 2015 through February 28, 2015;

**ANSWER:**

       (c) March 01, 2015 through March 29, 2015.

**ANSWER:**

28. Please state the manner in which Defendant Hamilton County exercised oversight over the Hamilton County Department of Job and Family Services during the time period of December 01, 2014 to March 29, 2015.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Please produce copies of any and all statements by any parties and/or witnesses which are in your possession, custody or control pertaining in any manner to the allegations in the Complaint.

**RESPONSE:**

2. Please produce the complete case file or files related to Glenara Bates, including all notes made by any caseworkers, or others, during the pendency of the Glenara Bates case.

**RESPONSE:**

3. Please produce the complete case file or files of Defendant Andrea Bradley, including those related to Glenara Bates, including all notes made by any caseworkers, or others, during the pendency of the Glenara Bates case.

**RESPONSE:**

4.    Please produce the complete case file or files of Defendant Glen Bates, including those related to Glenara Bates, including all notes made by any caseworkers, or others, during the pendency of the Glenara Bates case.

**RESPONSE:**

5.    Please produce all documents relative to interrogatories #12, #13, #14, and #15.

**RESPONSE:**

6.    Please produce the complete personnel files for Defendant Moira Weir; Defendant Shamara Stephens AKA Shamara Hooks-Ware and Defendant Kassie Setty.

**RESPONSE:**

7.    Please produce a copy of each insurance policy and/or other insuring agreements, including the declaration page, which may provide coverage to some or all of the defendants.

**RESPONSE:**

8.    Please produce copies of all documents pertaining to the Glenara Bates case, including all notes made by any personnel employed by Defendant HCDJFS.

**RESPONSE:**

9.  Please produce all documents or things you intend to introduce as evidence at arbitration, at trial, deposition, or any other proceeding.

**RESPONSE:**


10.  Please produce copies of all documents pertaining to the Glenara Bates case, including all notes made by any personnel employed by Defendant HCDJFS.

**RESPONSE:**


11.  Please produce all policy and procedure manuals which pertain in any manner to the administration and handling of abuses and neglect cases by the Department of Job & Family Services.

**RESPONSE:**


12.  Please produce any and all reports by the Defendant HCDJS regarding Glenara Bates, regardless of the date in which the report was prepared.

**RESPONSE:**


13.  Please produce any and all reports and/or memoranda prepared by the Hamilton County Prosecutor's office regarding Glenara Bates, regardless of the date in which the report was prepared.

**RESPONSE:**

Respectfully Submitted,
*/s/ Randy A. Byrd*
*/s/ Blake R. Maislin*
*/s/ Brad G. Braun*

_____

**Randy A. Byrd, Esq. (0041292)**
**Blake R. Maislin, Esq. (0068413)**
**Brad G. Braun, Esq. (0083047)**
Trial Attorneys for Plaintiffs
The Law Offices of Blake R. Maislin, L.L.C.
Maislin Professional Center
2260 Francis Lane
Cincinnati, OH   45206
(513) 444-4444
(513) 721-5557 (FAX)
rbyrd@maislinlaw.com
blake@maislinlaw.com
bbraun@maislinlaw.com

## VERIFICATION

I, _____, after being first duly sworn and cautioned, state that the foregoing answers to the Interrogatories are true and correct to the best of my knowledge.


_____
**AFFIANT**


STATE OF _____      )
                          )SS:
COUNTY OF _____      )


Sworn and subscribed to me this _____ day of _____, 2015.


_____
**NOTARY PUBLIC**