UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF GLENARA BATES, *et al.*,

    Plaintiffs,

vs.

HAMILTON COUNTY DEPARTMENT
OF JOB AND FAMILY SERVICES, *et al.*,

    Defendants

Case No. 1:15-cv-798

Judge Timothy S. Black

**ORDER GRANTING DEFENDANTS SHAMARA STEPHENS'S AND KASSIE SETTY'S MOTIONS FOR JUDGMENT ON THE PLEADINGS (Docs. 42, 45)**

This civil action is before the Court on Defendants Shamara Stephens and Kassie Setty's motions for judgment on the pleadings (Docs. 42, 45) and the parties' responsive memoranda (Docs. 49, 51).[1]

## I. BACKGROUND FACTS

When decedent Glenara Bates was born in January 2013, she was placed in a foster home with her siblings. (Doc. 1 at ¶ 18). In September 2013, Hamilton County Juvenile Court ordered the termination of HCJFS's temporary custody of Glenara, gave Protective Supervision over Glenara to HCJFS, and awarded legal custody of Glenara to her mother, Defendant Andrea Bradley.[2] (Doc. 36, Ex. A).[3] In December 2013,

---

[1] Defendants Sharmara Stephens and Kassie Setty are caseworkers for Hamilton County Department of Job and Family Services ("HCJFS").

[2] Plaintiffs allege that HCJFS made the decision to return decedent to her mother, Defendant Andrea Bradley. (Doc. 1 at ¶ 2). However, the Juvenile Court, not HCJFS, made this determination. Ohio Rev. Code § 2151.23(A)(2).

Protective Supervision was terminated by the Hamilton County Juvenile Court. (*Id.*, Ex. B).

At the time of her death, Glenara Bates was in the custody of her parents. (Doc. 1, ¶¶ 49, 50). On September 7, 2016, Glen Bates was found guilty of aggravated murder. (Doc. 52 at PageID 435).

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (*citing JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[3] This exhibit is a public record and may be considered by this Court in determining the merits of this motion for judgment on the pleadings without converting this motion into a motion for summary judgment. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502-03 (6th Cir. 2001) ("[i]n determining whether to grant a Rule 12(b)(6) motion, … matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be considered).

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

### III.     ANALYSIS

Qualified immunity protects a government official from liability unless her conduct violated a clearly established statutory or constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome a claim of qualified immunity, a plaintiff must show both that the challenged conduct violated a constitutional right and that this right was clearly established at the time of the challenged conduct. *Pearson v. Callahan*, 655 U.S. 223 (2009). In this case, Plaintiffs cannot show that Glenara's constitutional rights were violated.

Ordinarily, social workers cannot be held responsible for the harm that befalls a child while in his or her parents' care:

> Petitioners concede that the harms Joshua suffered occurred not while he was in the State's custody, but while he was in the custody of his natural father, who was in no sense a state actor. While the State may have been aware of the dangers that Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them. That the State once took temporary custody of Joshua does not alter the analysis, for when it returned him to his father's custody, it placed him in no worse position than that in which he would have been had it not acted at all; the State does not become the permanent guarantor of an individual's safety by having once offered him shelter. Under these circumstances, the State had no constitutional duty to protect Joshua.

*DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989). Similarly, while Glenara had been in the temporary custody of the State, she was in the custody of her parents at the time of her death.

Plaintiffs claim that Defendants Stephens and Setty, among others, made the decision to place Glenara back with her parents and that this action resulted in her death. These allegations are negated by the public records which show that the Hamilton County Juvenile Court entered the custody order.  (Doc. 36, Exs. A-D).  Plaintiffs have not alleged that Stephens or Setty acted in contravention of the Juvenile Court Order, or even that they participated in the proceedings before the Juvenile Court.  Accordingly, Plaintiffs' cannot establish that the caseworkers' conduct was the proximate cause of Glenara's death.

Since Plaintiffs have not pled the violation of a clearly established constitutional right, Stevens and Setty are entitled to qualified immunity.

Since Plaintiffs' federal claims fail as a matter of law, this Court declines to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(c)(3) (the court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).  *See, e.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, … the state claims should be dismissed as well.").

## IV.  CONCLUSION

Accordingly, for these reasons, Defendants Shamara Stephens's and Kassie Setty's motions for judgment on the pleadings (Docs. 42, 45) are **GRANTED**. Accordingly, the federal claims asserted against Stephens and Setty are **DISMISSED** as a matter of law, and the state claims are **DISMISSED WITHOUT PREJUDICE**.

Defendants Shamara Stephens and Kassie Setty are **TERMINATED** as defendants to this lawsuit.  The Clerk shall enter judgment accordingly.

    **IT IS SO ORDERED**.

Date:    1/11/17

*Timothy S. Black*
Timothy S. Black
United States District Judge